UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN REED,

        Petitioner,         Case Number: 06-CV-12695

v.         HONORABLE PATRICK J. DUGGAN

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 8, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Petitioner Marvin Reed has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for assault with intent to murder. Petitioner currently is incarcerated at the Michigan Reformatory in Ionia, Michigan. On January 2, 2007, Petitioner filed a pleading entitled "Voluntary Dismissal and/or Stay of Proceedings Pending State Remedy Exhaustion." In this pleading, Petitioner asks the Court to dismiss and/or stay the proceedings so that he may present an unexhausted claim in state court and, if necessary, add the claim in support of his request for habeas relief.

## Procedural Background

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of assault with intent to murder. On November 20, 2001, the trial court sentenced Petitioner to twenty to thirty years' imprisonment. Petitioner then filed a direct appeal, in which he raised the following grounds for relief:

> I. Defendant was denied effective assistance of counsel and is entitled to a new trial.
>
> II. The trial court committed reversible error in finding that the bind over was not jurisdictionally defective.
>
> III. The trial court erred in allowing police testimony regarding ballistics and trajectory where they have not been qualified as an expert.
>
> IV. The people withheld exculpatory information from defendants in violation of Brady, and a new trial is required.
>
> V. Appellant Marvin Reed did not participate in the shooting of Mr. Gholston and the conviction is against the great weight of the evidence.

On January 11, 2005, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Reed*, No. 240726 (Mich. Ct. App. Jan. 11, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied Petitioner leave to appeal on July 26, 2005. *People v Reed*, No. 128114 (Mich. July 26, 2005). He filed the pending petition for a writ of habeas corpus on June 16, 2006.

## Analysis

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

It appears that when Petitioner filed his pending application for a writ of habeas corpus, approximately four months remained in the applicable one-year limitations period. Therefore, if this Court dismisses Petitioner's pending petition, his ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his claim in the state courts will be placed in jeopardy. Although Petitioner filed his petition in this Court before the limitations period expired, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001). Thus, unless equitably tolled, the limitations period expired during the pendency of this petition.[1] Accordingly, the Court finds that outright dismissal

---

[1] Given that the Court finds a stay appropriate in this case, the Court need not decide the issue of equitable tolling.

of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claim was not presented in state court because it is newly discovered. The Court finds that Petitioner has asserted good cause for failing to present this claim previously in state court. In addition, the Court finds that this claim is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. Therefore, the Court grants Petitioner's request to stay further proceedings in this matter pending his exhaustion of this unexhausted claim.

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

## Conclusion

Accordingly, Petitioner's "Voluntary Dismissal and/or Stay of Proceedings Pending State Remedy Exhaustion" is **GRANTED IN PART AND DENIED IN PART** in that his request to stay the petition is **GRANTED** but his request to voluntarily dismiss the proceedings is **DENIED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this order and (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court

remedies and files a motion to lift the stay and to file an amended petition adding the exhausted claims.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:

Marvin Reed, #344293
Michigan Reformatory Institution
1342 W. Main
Ionia, MI 48846

Brad H. Beaver, Esq.